**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHADY ACRES HOMEOWNER'S ASSOCIATION, | No.   19-35476 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-03016-RMP |
| v. | MEMORANDUM[*] |
| KITTITAS COUNTY, a municipal corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted May 4, 2020[**]
Seattle, Washington

Before:  KLEINFELD, W. FLETCHER, and RAWLINSON, Circuit Judges.

Shady Acres Homeowner's Association appeals the district court's dismissal

of its Fair Housing Act and Washington Law Against Discrimination claims.  The

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Homeowner's Association claims that Kittitas County discriminated against Latino individuals by buying Shady Brook Mobile Home Park with the plan to close it. The district court concluded that it lacked jurisdiction because the Homeowner's Association's claims were not yet ripe and because the organization had not suffered a concrete injury necessary for standing. We have jurisdiction to review the court's dismissal under 28 U.S.C. § 1291. We affirm the district court for lack of prudential ripeness.

The Supreme Court has recognized that "[p]roblems of prematurity and abstractness may well present 'insuperable obstacles' to the exercise of the Court's jurisdiction, even though that jurisdiction is technically present." *Socialist Labor Party v. Gilligan*, 406 U.S. 583, 588 (1972) (quoting *Rescue Army v. Municipal Court*, 331 U.S. 549, 574 (1947)). Such a finding requires us "to evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977). Both considerations lead us to the conclusion that, because of prematurity, this case was properly not adjudicated on the merits.

"The purpose of the 'fitness' test under *Abbott* is to delay consideration of the issue until the pertinent facts have been well-developed in cases where further factual development would aid the court's consideration." *In re Coleman*, 560 F.3d 1000, 1009 (9th Cir. 2009). Though the Homeowner's Association contends that the decision to close the Park has already been made, it concedes that "the timing is uncertain." The County's purchase of the Park does not yet do the harm that plaintiff fears. What the Homeowner's Association fears is the effects on Latino individuals of closing the Park, which may or may not happen at some undetermined time in the future. Because neither the hardship to the parties nor the appropriateness and terms of relief can be known at this time, judicial adjudication would suffer from abstractness and prematurity.

Given the uncertainty about the timing of closing, if it occurs, there is a higher burden on the parties to demonstrate hardship under *Abbott*. *See Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1218 (9th Cir. 2006). Since the Homeowner's Association has not presented evidence that anyone in the Park has been evicted or otherwise forced to leave, nor has it presented evidence that any prospective tenants have been rejected, this hardship requirement has not been met, even if it might be met in the future.

Accordingly, the decision of the district court is **AFFIRMED**.